

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN MITTS,<br><br>                    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>                    Defendant. | 3:18-cv-00230-HDM-CBC<br><br><br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Mitts' application for disability insurance and social security income benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383. Currently pending before the Court is Mitts' motion for remand. (ECF No. 15.) In this motion, Mitts seeks the reversal of the administrative decision and remand for an award of benefits. (*Id.*) The Commissioner filed a cross-motion to affirm. (ECF No. 16.) For the reasons set forth herein, the Court recommends that Mitts' motion for remand, (ECF No. 15), be denied, and the Commissioner's cross-motion to affirm, (ECF No. 16), be granted.

**I.   STANDARDS OF REVIEW**

  A.   Judicial Standard of Review

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

---

[1]   This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the Court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Shalala*, 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and

analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social

Security Rulings ("SSRs") 85-28 and 96-3p.1 If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four in order to determine whether the individual has the RFC to perform her past relevant work ("PRW").

20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   CASE BACKGROUND

### A.   Procedural History

On March 31, 2014, Mitts protectively filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act, alleging a disability onset date of October 4, 2013. (Administrative Record ("AR") 219-229.) The Social Security Administration initially denied Mitts' application on July 1, 2014, and upon reconsideration on November 13, 2014. (AR 119-123, 129-134.) Mitts subsequently requested an administrative hearing. (AR 135.)

On March 15, 2016, Mitts and his attorney appeared at a hearing before an Administrative Law Judge. (AR 44-70.) Connie Gillory, a vocational expert ("VE"), also appeared at the hearing. (*Id.*) The ALJ issued a written decision on November 29, 2016, finding that Mitts was not disabled because he could perform work existing in significant

numbers in the national economy. (AR 28-43.) Mitts appealed, and the Appeals Council denied review on March 16, 2018. (*Id.* at 1-6.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Mitts filed a complaint for judicial review on May 17, 2018. (ECF No. 1.)

B. ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 28-43.) Ultimately, the ALJ disagreed that Mitts has been disabled from October 4, 2013, through the present date. (*Id.* at 34.) The ALJ held that, based on Mitts' RFC, his age, education and work experience, he was able to perform a full range of work at all exertional levels with some nonexertional limitations and there were jobs in the national economy that he could perform. (*Id.* at 36-41.)

In making this determination, the ALJ started at step one. Here, the ALJ found Mitts had not engaged in substantial gainful activity from the alleged onset date of October 4, 2013, through present. (*Id.* at 33.) At step two, the ALJ found Mitts had the following severe impairments: depressive disorder, not otherwise specified ("NOS"); bipolar disorder; anxiety disorder, NOS; and, alcohol abuse per 20 C.F.R. §§ 404.1520(c) and 416.920(c). (*Id.*) At step three, the ALJ found that Mitts did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), 416.925, and 416.926. (*Id.* at 34-36.) Next, the ALJ determined Mitts' RFC. The ALJ determined that Mitts had an RFC to perform a full range of work at all exertional levels with some nonextertional limitations. (*Id.* at 36.) According to the ALJ's RFC determination, Mitts was capable of "understand[ing], remember[ing], and carry[ing] out simple, repetitive tasks and make simple work-related decisions." (*Id.*) Additionally, he is "able to perform work that is in a routine work setting," however, he requires a job with "no interaction with the general public and occasional interaction with coworkers and supervisors . . .that has only occasional changes in the work routine, and no work where

the pace of productivity is dictated by an external source over which [he] has no control such as an assembly line or conveyor belt." (*Id.*)

Based on this RFC determination, the ALJ determined Mitts was capable of performing a full range of unskilled work. (*Id.* at 36-41.) In addition, the ALJ found Mitts not disabled and denied his application for a period of disability, disability insurance benefits, and supplemental security income benefits. (*Id.* at 43.)

### III. DISCUSSION

Mitts argues the ALJ's determination at step five that Mitts can perform the identified occupations is not supported by substantial evidence. (ECF No. 15 at 8-14.) Specifically, he alleges the ALJ had a duty to identify and resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") before finding Mitts could perform the jobs of packager, cleaner, and checker. (*Id.*) Furthermore, Mitts alleges the identified occupations are inconsistent with the ALJ's limitations. (*Id.*)

At step five, the ALJ can rely on VE testimony in determining whether a claimant can perform other work in the national economy. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 (9th Cir. 1995). "The testimony of a vocational expert constitutes substantial evidence supporting an ALJ's decision." *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical to the VE incorporating all of the limitations of the RFC finding, including the limitation excluding pace dictated by an external source. (AR 74.) The VE identified the following jobs and incidence: packager, DOT #579.685-038; cleaner, DOT #381.687-018; and, checker, DOT #369.687-014. (*Id.* 73-75.) The ALJ specifically asked the VE if there were any conflicts between the VE's testimony and the DOT, the VE stated that there were no conflicts. (*Id.* 75.) Mitts' attorney was then given a chance to question the VE but declined to do so. (*Id.*)

Contrary to Mitts' assertion, the VE's testimony that Mitts can perform these three jobs does not conflict with the DOT. A careful review of the record and the DOT's descriptions of these three jobs reveals no patent disparities. Moreover, the DOT's silence

as to the source of production pace of the packager, cleaner, and checker jobs do not create an apparent or potential conflict with the VE's testimony. *See Sterba v. Colvin*, No. 3:13-cv-00859, 2014 U.S. Dist. LEXIS 173933, 2014 WL 7228989, at *2 (D. Or. Dec. 16, 2014) ("no contradiction between the DOT description and the VE's testimony because the VE provided a level of detail absent from the DOT in answering the ALJ's hypothetical"). The same is true regarding the required social interaction for each job. (*Id.*)

Moreover, Mitts argument that the Court should consider O*Net "to enhance its lay experience in deciding vocational issues," (ECF No. 15 at 11), fails. Not only does the legal authority cited to not hold that the Court can reference Department of Labor publications for this purpose, other district courts in this circuit have concluded that claims based on non-DOT materials that are not raised before the agency are waived not only as to job numbers but as to the VE's testimony on the whole. *See Gonzalez v. Berryhill*, No. 17-5402, 2018 U.S. Dist. LEXIS 7590, 2018 WL 456130 at *2 (C.D. Cal. Jan. 17, 2018) (collecting cases); *Williams v. Berryhill*, No. 16-1989, 2017 U.S. Dist. LEXIS 201119, 2017 WL 8283320, at *1 (C.D. Cal. Dec. 4, 2017). The Court finds these authorities persuasive.

Finally, "an ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, the DOT is silent on the issues of the source of production pace and required social interaction, the ALJ took administrative notice of the VE's testimony that the three jobs do not require a pace dictated by an external source over which the individual has no control or more than occasional social interactions with the general public. Thus, the ALJ properly relied on the VE's testimony, and substantial evidence supports the ALJ's step five finding. Accordingly, the ALJ did not err in finding that Mitts can perform other jobs in the national economy at Step Five. *Valentine v. Comm'r SSA*, 547 F.3d 685, 694 (9th Cir. 2009); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## IV. CONCLUSION

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision is wholly supported by substantial evidence and recommends the decision be affirmed. The Court therefore recommends Mitts' motion for remand (ECF No. 15) be denied, and the Commissioner's cross-motion to affirm (ECF No. 16) be granted.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for remand (ECF No. 15) be **DENIED** and Defendant's cross-motion to affirm (ECF No. 16) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: April 15, 2019.

_____
UNITED STATES MAGISTRATE JUDGE